UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ROBERT SUTTON,

                      Plaintiff,

      -against-

JOSEPH JETTE and WILLIAM RYAN,
employees of the New York City Police
Department,

                      Defendants.

------------------------------------------------------------------X

COMPLAINT
15 CV 3614

**Jury Trial Demanded**

ROBERT SUTTON. by his attorney, The Law Office of Matthew Flamm, alleges the following upon information and belief as his Complaint.

### Nature of the Action

1.    This civil rights action arises from an unlawful and abusive home invasion by New York City police personnel on June 22, 2012.  Plaintiff seeks compensatory and punitive damages for violation of his civil rights pursuant to 42 U.S.C. §1983.

### Jurisdiction

2.    This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

### Venue

3.    Venue is proper in the Eastern District of New York because events or omissions giving rise to the claim occurred in that judicial District.

Parties

4. Plaintiff ROBERT SUTTON is a citizen of the United States of America who at all times relevant lived in the State and City of New York, County of Kings.

5. The City of New York is a municipal corporation duly incorporated and existing under the laws of New York State. Pursuant to its Charter, New York City has established and maintains a Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the defendants more fully identified below.

6. Defendants JOSEPH JETTE, Tax No. 921442, and WILLIAM RYAN, Tax No. 935668, were at all times relevant acting within the scope of their employment by the City of New York's Police Department.

7. At all times relevant, the defendants were acting under color of state law.

8. The defendants are liable for directly participating in the acts described herein or for failing to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Sutton and others were subjected despite having a reasonable opportunity to do so.  They are sued in their individual capacity.

Facts Underlying
Plaintiff's Claims

9. On June 22, 2012 at or around approximately 6:45 p.m., plainclothed and uniformed employees of the City of New York's Police Department, including defendant Joseph Jette and William Ryan, unlawfully entered and searched the

home of Shari Goode at 330 Dumont Avenue, Apartment 2F in Brooklyn, New York.

10. Mr. Sutton was present in the apartment as a guest of Ms. Goode when the officers entered.

11. Two plainclothed officers, believed to be Jette and another male Caucasian, demanded entry, damaged the apartment door open, and entered the home without warrant or permission.

12. The occupants, including Mr. Sutton, were not free to leave and were pat frisked and questioned.

13. The officers had no lawful authority to enter and search the home or the occupants.

14. Defendant Jette claimed to be looking for guns, of which there were none in the apartment.

15. Officer Jette unholstered his weapon, and Mr. Sutton became fearful of his and the other occupants' safety and lives.

16. Officer Jette solicited the occupants, including Mr. Sutton, to touch his firearm.

17. The occupants all declined.

18. Jette and another plainclothed officer separately questioned the people other than Ms. Goode who were in the apartment.

19. Each were brought into a bedroom in the home where, with the door closed, Jette questioned Robert Sutton, Latonya Ratcliff, who was Ms. Goode's full-time caregiver, and Oginga Thompson.

20. During Jette's interrogation of Sutton, he asked lewd questions about one of the other detainees, Latonya Ratcliff: Jette asked Sutton about whether she "gave good blow jobs," and he picked up a pornographic DVD, pointed to photos on the case, and asked Sutton in substance whether Ms. Ratcliff could get in some of the sexual positions depicted.

21. Mr. Sutton remained in fear of his safety during the interrogation.

22. Ms. Ratcliff reported to Sutton and others that, while she was questioned in a bedroom with the door closed, Jette picked up a pornographic DVD, pointed to the photos on the case, and said words to the effect that he liked a particular sexual position and if Ratcliff would like to do that with him. Ms. Ratcliff said no.

23. Jette and the other police personnel eventually left the home after about one and one half hours.

24. Robert Sutton's constitutional rights were violated, and he suffered fear, debasement, and emotional upset, among other things.  The home in which he was an invited guest was broken into, he and others were detained and questioned, a firearm was displayed by defendant Jette, and Ms. Ratcliff was fondled under the pretext of a pat frisk and sexually-propositioned by a menacing police officer who appeared to believe he was accountable to no one.

25. The defendants acted with casual and abusive disregard for plaintiff's and the other occupants' rights and well-being, and acted intentionally, willfully, maliciously, with reckless disregard for and deliberate indifference to plaintiff.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

26. Plaintiff repeats the foregoing allegations as though fully stated herein.

27. By the actions described above, the defendants deprived Mr. Sutton of rights secured by the Constitution and laws of the United States, including, but not limited to, his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to a warrant.

28. As a consequence thereof Robert Sutton has been injured.

SECOND CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

29. Plaintiff repeats the foregoing allegations as though fully stated herein.

30. The defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Sutton was subjected, despite having a reasonable opportunity to do so.

31. As a consequence thereof Robert Sutton has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered that his right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated and:

(A) Compensatory damages in an amount to be fixed at trial;

    (B)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the defendants in an amount to be fixed at trial;

    (C)    An award to plaintiff of the costs and disbursements herein;

    (D)    An award of attorney's fees under 42 U.S.C. §1988; and

    (E)    Such other and further relief as this Court may deem just and proper.

Dated: June 19, 2015
Brooklyn, New York

        The Law Office of Matthew Flamm
         Attorney for Plaintiff
        26 Court Street, Suite 2208
        Brooklyn, New York 11242
        (718) 797-3117
        matthewflamm@msn.com

        _____
        Matthew Flamm