United States District Court
Eastern District of New York

**MINUTE ORDER**
15cv3614 (JBW)(MDG) Sutton v. Ryan, et ano.,

As discussed on the record during a conference held on May 17, 2016, the parties' cross-motions to compel set forth in their joint status report [24] are granted in part and denied in part. This order summarizes some of the rulings made, but the parties are directed to the transcript of the proceeding for a detailed discussion of each disputed issue.

1. Global unsealing release: Plaintiff must additionally provide an executed release only for the online prison arraignment ("OPA") files relating to his 2010 arrest.

2. Documents regarding debriefing of prisoners: Defendants must serve a formal discovery response as to any memo book entries or other documents responsive to plaintiff's request for information regarding debriefing of prisoners by defendants on 6/22/12.

3. Identification of other officers: Defendants must produce SPRINT reports concerning 330 or 340 Dumont Avenue from 6:00 p.m.-8:00 p.m. on 6/22/12 in an effort to identify any other officers involved in plaintiff's detention. Defendants must make a further effort to ascertain whether there were other officers at 330 Dumont Avenue.

4. Counsel for defendants must consult with Detective Morgan regarding audio recordings of his interviews with Ratcliff and Goode, THREAD results, and a better copy of the audio of his interview of defendant Ryan. Defendants must put in writing whether any such materials exist.

5. Defendants agreed to produce color copies of three photographs (Ratcliff Def. 1042, 1050, 1132).

6. Redactions: Defendants must unredact the Command Log, except for identifying information of non-parties who have not authorized release of information to plaintiff's counsel. The parties must confer on the B.A.D.S. Report, witness information, and a procedure for contacting non-party witnesses. If counsel for plaintiff confirms that he cannot otherwise obtain contact information for Kenny Ritter, defendant must unredact such information from Ratcliff Def. 1177. Redacted information regarding Oginga Thompson, Layonta Ratcliff and Shari Goode shall be unredacted if counsel for plaintiff provides appropriate releases. Defendants must unredact from Jette's phone records any phone calls placed to any member of the NYPD on 6/22/12 from 6:45 p.m.-8:00 p.m.

7. Defendants need not produce SPRINT reports for 6/23/12, or information regarding entry to the 330 Dumont Avenue apartment on dates other than 6/22/12.

8. Defendants must produce by 5/24/16 the unredacted disciplinary indices for _in_ _camera_ inspection by the Court. Plaintiff may request underlying disciplinary files for pertinent charges from the disclosed indices previously produced, but should confer on limiting the documents to be produced, as discussed. CCRB records are limited to the complaint and closing report.

9. Defendants must produce the photo array with photos unredacted as to the individuals identified by the witness. Plaintiff's counsel shall maintain the confidentiality of the partially unredacted array and may show the array to plaintiff or witnesses only in preparation for depositions.

10. All documents and discovery responses to be produced to the other party must be served by 6/16/16.

11. Discovery is extended to 7/15/16.

**SO ORDERED.**

Dated:   Brooklyn, New York
         May 18, 2016

                                        _/s/_____
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE